UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GAYANE MARTIROSYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-70919

Agency No. A206-267-383

**ORDER**

Before:  McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

The Memorandum Disposition, filed on March 20, 2019, and reported at 765 Fed.Appx. 196 (9th Cir. 2019), is amended as follows:

At 765 F. App'x at 197, the subsection heading and the first full paragraph beginning with <When we review> and ending with <*Bhattarai*, 835 F.3d at 1043.> are deleted.  A citation to *Soto-Olarte v. Holder*, 555 F.3d 1089, 1094 (9th Cir. 2009) is added to the next paragraph.

At 765 F. App'x at 197–98, the sentences beginning with <Both her oral> and ending with <the declaration.> are amended to read as follows: "Both her oral testimony and her written declaration compel a conclusion that two officers were present.  Further, Martirosyan adequately explained any possible inconsistency as due to translation error."

At 765 F. App'x at 198, the subsection heading and the first full paragraph beginning with <An applicant for asylum> and ending with <*Ren*, 648 F.3d at 1090–93.> are deleted. The second full paragraph beginning with <Here, the IJ> and ending with <*Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir. 2000).> is deleted and replaced with the following sentence: "Third, the record compels the conclusion that the corroborating evidence requested by the IJ was reasonably unavailable and duplicative, so the failure to produce that evidence could not support an adverse credibility finding."

The following paragraph is added:

"[I]t is apparent" from this record "that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence." *Soto-Olarte*, 555 F.3d at 1095. In other words, "it is evident that the IJ and BIA have both strained to provide reasons properly supporting an adverse credibility finding, but despite their best efforts have been unable to do so." *Id.* at 1094–95. Accordingly, we deem Martirosyan credible on remand.

Lastly, <hold that she was credible> in the final sentence is amended to <deem her credible>.

A clean copy of the amended memorandum disposition is attached to this order.

With these amendments, Judges McKeown, W. Fletcher, and Murguia have voted to deny the petition for panel rehearing (Dkt. No. 38). The petition for

2

rehearing is DENIED.  No further petitions for rehearing or rehearing en banc may

be filed.

**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GAYANE MARTIROSYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-70919

Agency No. A206-267-383

**AMENDED MEMORANDUM**[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2019
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Gayane Martirosyan petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her

application for asylum, withholding of removal, and protection under the

Convention Against Torture.  The BIA upheld the IJ's adverse credibility

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

determination based on what it found to be evasive and unresponsive testimony regarding the organization bylaws and the photographs she submitted with her application, a supposed inconsistency in the record regarding the number of police officers present, and a failure to provide sufficient corroborating evidence. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

We review factual findings, including adverse credibility determinations and determinations regarding the availability of corroborating evidence, for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014); *see* 8 U.S.C. § 1252(b)(4). We will uphold factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia*, 749 F.3d at 789). Because Martirosyan filed her application after May 11, 2005, we apply the credibility and corroboration standards set forth in the REAL ID Act.

We hold that the BIA's adverse credibility determination is not supported by substantial evidence, reverse the determination, and deem Martirosyan's testimony credible. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1094 (9th Cir. 2009). First, substantial evidence does not support the agency's finding that Martirosyan was unresponsive and evasive

2

regarding the photographs she submitted with her application and regarding her testimony about the organization bylaws. Martirosyan provided responsive, detailed, and consistent testimony throughout the two days of hearings, and the IJ's findings to the contrary lack a basis in the record.

Second, substantial evidence does not support the agency's finding that Martirosyan's oral testimony that two police officers were present in the basement was inconsistent with her translated written declaration, which implied through use of the English word "another" that three officers were involved. Both her oral testimony and her written declaration compel a conclusion that two officers were present. Further, Martirosyan adequately explained any possible inconsistency as due to translation error.

Third, the record compels the conclusion that the corroborating evidence requested by the IJ was reasonably unavailable and duplicative, so the failure to produce that evidence could not support an adverse credibility finding.

"[I]t is apparent" from this record "that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence." *Soto-Olarte*, 555 F.3d at 1095. In other words, "it is evident that the IJ and BIA have both strained to provide reasons properly supporting an adverse credibility finding, but despite

3

their best efforts have been unable to do so." *Id.* at 1094–95. Accordingly, we deem Martirosyan credible on remand.

We grant Martirosyan's petition, deem her credible, and remand to the BIA to determine whether Martirosyan is eligible for asylum, withholding of removal, and protection under the Convention Against Torture. *See INS v. Ventura*, 537 U.S. 12 (2002) (per curiam).

**PETITION GRANTED AND REMANDED.**